IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | FILED IN OPEN COURT |
| | * | DATE: 2-13-2008 |
| Plaintiff, | * | TIME: 9:12 AM |
| | * | INITIALS: J.H. |
| vs. | * | Criminal No. 06-20085-B |
| **TERRY TROY GODDARD,** | * | |
| Defendant. | * | |

## PLEA AGREEMENT

(1)   I, TERRY TROY GODDARD, have been charged with two (2) felony counts in Indictment No. 06-20085-B.

(2)   I have been charged with a violation of Title 18, United States Code, Section 2422(b). The maximum penalty for violation of this Section, as charged, is a fine of $250,000.00 and/or not less than five (5) years, not more than thirty (30) years imprisonment, and a period of supervised release for any term of years or life. I have been charged with violation of Title 18, United States Code, Section 2423(b). The maximum penalty for a violation of Section 2423(b), as charged, is a fine of $250,000.00 and/or not more than thirty (30) years imprisonment, and a period of supervised release for any term of years or life. Fees may be imposed to pay for incarceration or supervised release. There is a $100 special assessment per felony count. There is also a forfeiture count (Count 3) pursuant to Title 18, United States Code, Section 2253.

(3)   I understand that the United States Attorney for the Western District of Tennessee and my defense counsel have entered into a plea negotiation of which I am fully aware and understand.

(4)   My attorney, Steven E. Farese, Sr., whom I have retained to represent me, has informed me of the nature of this criminal charge and the elements of the charge, each of which must be proved by the Government beyond a reasonable doubt before I could be found guilty as charged.

(5)     By voluntarily pleading guilty, I knowingly waive and give up my constitutional right to plead not guilty, to compel the Government to prove my guilt beyond a reasonable doubt, not to be compelled to incriminate myself, to confront and cross-examine the witnesses against me, to have a jury or judge determine my guilt on the evidence presented, and other constitutional rights which apply to a defendant on trial in a criminal case.

(6)     I am pleading guilty to the charges described in the Indictment referenced above because I am guilty and because it is in my best interest to do so, and not because of any threats or promises. There has been no representation made whatsoever by any agent or employee of the United States to me as to what the final disposition of this matter should or will be. I understand that the matter of sentencing is within the sole discretion of the Court.

**I understand the plea agreement in this case to be as follows:**

(7)     I will plead guilty to Counts 1 and 2 of above-referenced Indictment.

(8)     I agree to forfeit to the United States all my right, title, and interest in all property set forth in the "Forfeiture Allegations" section of Count 3 of the above-referenced Indictment.

(9)     I understand that this is a Plea Agreement pursuant to Rule 11(c)(1)(C), and that there is an agreed upon sentence of imprisonment of Sixty (60) months and a period of supervised release to be determined by the Court. I understand that the Court may accept or reject the terms of this Plea Agreement, and may postpone its decision until the Court has had the opportunity to review a presentence investigation report. I further understand that, if the Court rejects the terms of this Plea Agreement, I will be given the opportunity to withdraw my plea of guilty herein.

(10)    I understand that persons convicted of crimes are required to pay a mandatory assessment of $100 per felony count of conviction. I agree that payment of this assessment, in full, is a condition of this agreement.

(11)    I understand that Title 18, United States Code, Section 3742 gives me the right to appeal the sentence imposed by the Court. Acknowledging this, I knowingly and voluntarily waive my right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as my sentence is within the statutory maximum specified above. This waiver is made in exchange for the concessions made by the United States in this Plea Agreement. The waiver in this paragraph does not apply to claims relating directly to this waiver of appellate rights or to its negotiation <u>that also</u> involve the involuntariness of my plea, prosecutorial misconduct, or ineffective assistance of counsel.

(12) I understand that this agreement does not apply to any crimes that I may have committed (other than those specifically set forth herein), or that I may commit hereafter, including perjury.

(13) I understand that the prosecution will be free to describe the nature of this these offenses and the evidence in this case.

(14) I understand that a thorough presentence investigation will be conducted and sentencing recommendations will be made by the preparer of the presentence report, which the Court may adopt or take into consideration.

(15) I willingly stipulate that there is a sufficient factual basis to support each and every material factual allegation contained within each count of the Indictment to which I am pleading guilty.

(16) I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. I understand that I will have an opportunity to personally address the Court prior to sentence being imposed.

(17) I can read and write, and I have read and discussed the terms of the foregoing plea agreement with my attorney, Steven E. Farese, Sr. and am satisfied with my attorney and his advice and counsel. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on the date and by my signature below.

2-13-08
**DATE SIGNED**

TERRY TROY GODDARD
Defendant

2/13/08
**DATE SIGNED**

STEVEN E. FARESE, SR.
Attorney for Defendant

2/12/08
**DATE SIGNED**

DAN L. NEWSOM
Senior Litigation Counsel
United States Attorney's Office

3

**PLEA AGREEMENT OF TERRY TROY GODDARD (CONTINUED)**

February 12, 2008
**DATE SIGNED**

VIVIAN R. DONELSON
**Chief - Criminal Division**
**United States Attorney's Office**